DREAM HOMES, INC., Plaintiff, *v.* SIDNEY KESSLER et al., Defendants.

Supreme Court, Special Term, Queens County, November 14, 1949.

*Jacob W. Friedman* for plaintiff.

*Benjamin Diamond* for defendants.

HALLINAN, J.   Motion to vacate and cancel of record a paper which purports to satisfy a judgment in the sum of $1,383.87 entered October 10, 1949, in plaintiff's favor.

The acknowledgment on said paper is by the corporate president and recites that the corporate seal was affixed " by

a member of the board of directors and president of said corporation; and duly authorized to receive moneys on behalf of the Corporation." Section 386 of the Civil Practice Act provides that " any instrument, except a bill of exchange, or a last will, may be acknowledged, or proved, and certified, in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property * * *." Section 309 of the Real Property Law prescribes the form of acknowledgment by a corporation. It is there provided that the corporate acknowledgment must be by some officer " authorized to execute the same by the board of directors of said corporation " and the certificate must substantially recite that the corporate seal was affixed *" by order of the board of directors of said corporation, and that he signed his name thereto by like order."* (Italics supplied.) Clearly then the acknowledgment and certificate herein involved does not comply with the foregoing requirements which are mandatory.

Moreover, it appears from the affidavit of the attorney for the plaintiff that the improper acknowledgment is not a mere oversight. The corporate officer who executed it owns two-sevenths of the outstanding stock of the plaintiff; that there has been no meeting of the board of directors or stockholders subsequent to the entry of judgment on October 10, 1949; that there has been no order by the board of directors or the stockholders to affix the corporate seal to any instrument whatsoever since the entry of said judgment; that there is no provision in the plaintiff's by-laws authorizing any member of the board of directors to affix the seal of the corporation to any instrument in its behalf without the consent and order of a majority of the board of directors, or a majority of the stockholders.

Under all the circumstances the motion is granted in all respects. Settle order on notice.